UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DANIEL F. MARTIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO. 1:11-CV-219 WL |
| U.S. POSTAL INSPECTION SERVICE, | ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

*Pro se* Plaintiff Daniel Martin submitted a civil complaint pursuant to 28 U.S.C. § 1361, against the United States Postal Inspection Service. He alleges that he owned real estate and that a private attorney falsified documents for the purpose of getting an order for a tax deed on Martin's real estate. He asks the Court to order the Defendant to show cause why "procuring falsified court documents and using the United States Mail to transport them from one place to another for the purpose of acquiring property belonging to [the Plaintiff] would not be an act of United States Mail Fraud" (DE 1 at 4).

The Plaintiff also seeks leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2)(B) a court must *sua sponte* dismiss a complaint filed *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

A claim may be dismissed for failure to state a claim upon which relief can be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. A complaint should be dismissed

as frivolous when "it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1989). *See also Flick v. Blevins*, 887 F.2d 778, 780 (7th Cir. 1989). A claim based on an "indisputably meritless legal theory" is frivolous. *Denton v. Hernandez*, 504 U.S. at 32; *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A claim is also frivolous when no reasonable person could suppose it to have any merit. *Lee v. Clinton*, 209 F.3d. 1025 (7th Cir. 2000). Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, *pro se* complaints are liberally construed. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001).

The Plaintiff asserts that between 2006 and 2008, Attorney Jan Orlosky used fraudulent documents to impair his interest in his real estate. The Plaintiff complained to the United States Postal Inspection Service, but was told by someone who "claimed to be with the U.S. Postal Inspection Service . . . that his case had been investigated, and it was found that Jan Orlosky had not committed the offense of United States Mail Fraud" (DE 1 at 4).

The code section the Plaintiff cites as the basis for this complaint, 28 U.S.C. § 1361, which deals with government property or contracts, reads as follows:

> Whoever willfully injures or commits any depredation against any property of the United States, or of any department or agency thereof, or any property which has been or is being manufactured or constructed for the United States, or any department or agency thereof, or attempts to commit any of the foregoing offenses, shall be punished as follows:
>
> If the damage or attempted damage to such property exceeds the sum of $1,000, by a fine under this title or imprisonment for not more than ten years, or both; if the damage or attempted damage to such property does not exceed the sum of $1,000, by a fine under this title or by imprisonment for not more than one year, or both.

The Plaintiff alleges damage to his interest in private real estate, which he believes constituted mail fraud. Section 1361, the criminal statute he bases his complaint on, deals with damage to government property or contracts. Because the events the Plaintiff complains of do not deal with government property or contracts, he states no claim upon which relief can be granted under 28 U.S.C. § 1361. Accordingly, the Court will deny the Plaintiff leave to proceed *in forma pauperis*, and will dismiss the complaint.

For the foregoing reasons, the court DENIES the plaintiff's motion to proceed *in forma pauperis* (DE 2), and DISMISSES this complaint pursuant to 28 U.S.C. § 1915e(2)(B)(I) and (ii).

SO ORDERED.

DATED: August 1, 2011

 s/William C. Lee
William C. Lee, Judge
United States District Court